**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Mark Canterbury,**
**Petitioner Below, Petitioner**

**v.) No. 25-12** (ICA No. 24-ICA-158)

**Angela Canterbury,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Mark Canterbury ("Husband") appeals the memorandum decision entered October 28, 2024, by the Intermediate Court of Appeals ("ICA") affirming, in part, and vacating, in part, the Family Court of Cabell County's March 12, 2024, final divorce order. *See Canterbury v. Canterbury*, No. 24-ICA-158, 2024 WL 4591044 (W. Va. Ct. App. Oct. 28, 2024) (memorandum decision).[1] The issue on appeal is whether the ICA erred in affirming the family court's award of alimony to Mrs. Canterbury ("Wife") and in vacating and remanding the family court's award of attorney's fees for the entry of a new order.

The parties were married in 1994 and separated in January 2023. Shortly after their separation, Husband made continued attempts to contact Wife, before making threats to kill her—including sending pictures of a firearm and ammunition he purchased. Husband was arrested on charges of attempted first-degree murder and presentment of a firearm and was briefly incarcerated, during which time Wife obtained a domestic violence protective order ("DVPO"). Following his release, Husband violated the DVPO and was re-incarcerated. Wife ultimately filed for divorce alleging mental cruelty. Due to the nature of the allegations, the family court ordered that the marital home—located next door to Wife's parents' home—be sold. By its final divorce order, the family court returned much of Husband's interest in Wife's retirement account to her in equitable distribution and awarded his remaining $39,000 interest in the account to her as lump sum alimony under West Virginia Code § 48-6-301. The family court further awarded Wife $6,000 in attorney's fees, to be paid from Husband's share of proceeds from the sale of the marital home. Husband appealed this ruling to the ICA, which affirmed the family court's award of alimony and vacated and remanded the award of attorney's fees for the issuance of a new order containing sufficient analysis of the factors set out in Syllabus Point 4 of *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996).

On appeal to this Court, Husband argues that the family court erred in awarding alimony and attorney's fees to the respondent and that the ICA should have vacated both awards and

---

[1] Husband is represented by counsel Tyler C. Haslam. Wife is represented by counsel Amy C. Crossan.

remanded with directions for the entry of an order equitably distributing the proceeds of the marital home's sale and the respondent's retirement account with no attorney's fees. In support of his argument, Husband contends that the award of spousal support was punitive in nature and that neither award was appropriate because Wife was in a much better financial position than him. In response, Wife asserts that the family court considered all relevant and applicable factors in awarding spousal support and attorney's fees, including each party's fault in making the divorce necessary and each party's financial position. Therefore, Wife maintains that both awards were proper under the circumstances.

On appeal of a final order of a family court from the ICA, this Court reviews the family court's findings of fact for clear error, the family court's application of law to the facts for an abuse of discretion, and questions of law de novo. *See* Syl. Pt. 3, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024). Having considered the record and the briefs, we find no reversible error and therefore summarily affirm the ICA's ultimate decision. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED:** June 1, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III